IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:21-CR-0054-N |
| v. | |
| DANIEL REY SETTLE<br>a.k.a. "POLO" | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION TO SUPPRESS STATEMENT OF DANIEL SETTLE

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*/s/ Andrew J. Briggs*
Myria Boehm
Texas State Bar No. 24069949
Andrew J. Briggs
California State Bar No. 294224
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8800
Email: andrew.briggs@usdoj.gov

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................ii

TABLE OF AUTHORITIES ............................................................................................iii

BACKGROUND ............................................................................................................... 1

    1.    Settle is arrested by Dallas County for Compelling Prostitution and Continuous Trafficking of Persons. ............................................................. 1

    2.    Settle is interviewed by federal agents on January 26, 2021.. ...................... 2

    3.    Settle is charged by federal criminal complaint for Sex Trafficking Through Force, Fraud, or Coercion................................................................................ 4

LEGAL STANDARD ....................................................................................................... 4

ARGUMENT AND AUTHORITIES ............................................................................... 9

    1.    Settle's January 26, 2021 confession did not result in a *McNabb-Mallory* violation, and Settle has failed to carry his burden to demonstrate otherwise.. ........................................................................................................ 9

    2.    Settle's January 26, 2021 statement was voluntary.. ................................. 10

CONCLUSION ................................................................................................................ 12

CERTIFICATE OF SERVICE........................................................................................ 14

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                          **Page(s)**

*Corley v. United States*, 556 U.S. 303 (2009) ................................................................. 6

*Mallory v. United States*, 354 U.S. 449 (1957) ................................................................ 6

*McNabb v. United States*, 318 U.S. 332 (1943) ............................................................... 6

*Montejo v. Louisiana*, 556 U.S. 778 (2009) ............................................................... 11, 12

*United States v. Alvarez-Sanchez*, 511 U.S. 350 (1994) ................................................ 7, 9

*United States v. Boche-Perez*, 755 F.3d 327 (5th Cir. 2014) .................................. 6, 7, 8, 9

*United States v. Davis*, 459 F.2d 167 (6th Cir. 1972) .................................................. 8, 9, 10

*United States v. Garcia-Hernandez*, 569 F.3d 1100 (9th Cir. 2009) ................................. 8

*United States v. Rollerson*, 491 F.2d 1209 (5th Cir. 1974) ............................................ 8, 9

**Statutes**

18 U.S.C. § 1591 ................................................................................................................. 4

18 U.S.C. § 3501 .........................................................................................................*passim*

**Federal Rules**

Fed. R. Crim. P. 5 .............................................................................................................. 6

The government opposes defendant Daniel Rey Settle's Motion to Suppress Statement filed on September 25, 2023. (Dkt. 135.) As explained below, Settle's statement was voluntary, and his roving, factually incomplete motion fails to prove otherwise.

## BACKGROUND

**1.  Settle is arrested by Dallas County for Compelling Prostitution and Continuous Trafficking of Persons.**

On January 8, 2021, a magistrate judge for Dallas County, Texas signed two state arrest warrants for Settle—Compelling Prostitution and Continuous Trafficking of Persons. *See* Dallas County Case Nos. F2175035 and F2175036; GOV_00002170. On January 14, 2021, Dallas Police Department officers executed those arrest warrants, and Settle was taken into Dallas County custody. *Id.*

On January 15, 2021, Settle was arraigned in Dallas County for Compelling Prostitution and Continuous Trafficking of Persons. Attached hereto as Exhibit A is the January 15, 2021, Arraignment Sheet from Dallas County for Settle's arraignment. At his Dallas County arraignment, Settle requested the appointment of counsel, and was appointed Valencia Bush on January 19, 2021 and David Jordan on January 21, 2021. (Dkt. 135, Ex. A.) Attached hereto as Exhibit B is Dallas County Magistrate Judge Hal Turley's January 15, 2021 order setting Settle's bond at $100,000 per charge, for a total of $200,000. Settle was remanded to the custody of the Dallas Police Department pending further proceedings. *See* Exhibit A.

Attached hereto as Exhibits C and D are Dallas Police Department "Release Charge" forms, in which Settle's Dallas County case numbers F2175035 and F2175036 were "dropped" on January 22, 2021. Both "Release Charge" forms were accepted by Dallas County Sheriff's Office on January 22, 2021 at 4:11 pm. *See* Exhibits C and D. Internal Dallas County records for Settle's Dallas County cases, attached hereto as Exhibit E, indicate that both the "Release Charge" forms were processed by Dallas County on January 27, 2021.

On January 25, 2021, counsel for Settle's then-dismissed state charges, David Jordan, called the US Attorney's Office for the Northern District of Texas, requesting to speak to the prosecutor assigned to Settle's federal case. A recording of Mr. Jordan's January 25, 2021 voicemail is attached hereto as Exhibit F. On January 26, 2021, counsel for the government returned Mr. Jordan's phone call. During the phone call, Mr. Jordan informed counsel for the government that he would not be coming in on Settle's federal case and that Settle wanted to speak to federal agents.

2. **Settle is interviewed by federal agents on January 26, 2021**.

On January 26, 2021, after his Dallas County charges had been dropped, Settle was interviewed in Lew Sterrett Jail by Homeland Security Investigation Special Agent John Kochan. This date is confirmed by the metadata associated with SA Kochan's audio recording of the interview.[1] Relevant portions of the beginning of that recorded

---

[1] The entirety of Settle's January 26, 2021 recorded interview was produced in discovery (GOV_00000193), provided to the Court as Government Trial Exhibit 10, and is included herewith as Sealed Exhibit G.

Govt. Opp. to Def.'s Motion to Suppress Statement—Page 2

interview are transcribed below:

- SA Kochan: "You have the right to remain silent, do you understand that?"

- Settle: "Yes, sir."

- SA Kochan: "Anything you say can and will be used against you in a court of law, do you understand that?"

- Settle: "Yes, sir."

- SA Kochan: "You have a right to talk a lawyer and have him present with you while you are being questioned, do you understand that?"

- Settle: "Yes, sir."

- SA Kochan: "If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish, do you understand that?"

- Settle: "Yes, sir."

- SA Kochan: "And if you decide to make a statement, you may stop at any time, do you understand that?"

- Settle: "Yes, sir."

- SA Kochan: "Last question.  Do you understand each of the rights that I've explained to you?"

- Settle: "Yes, sir, I do."

- SA Kochan: "And having these rights in mind, do you wish to talk to me right now?"

- Settle: "Yes, sir."

**Govt. Opp. to Def.'s Motion to Suppress Statement—Page 3**

3. **Settle is charged by federal criminal complaint for Sex Trafficking Through Force, Fraud, or Coercion.**

On January 20, 2021, Magistrate Judge David L. Horan signed a federal criminal complaint and accompanying arrest warrant for Settle, alleging a violation of 18 U.S.C. § 1591(a) and (b)(1), Sex Trafficking Through Force, Fraud, or Coercion. (Dkt. 4.) Attached hereto as Exhibit H is a January 20, 2021 email exchange between SA Kochan and employees of Dallas County Sheriff's Department's Data Management Unit ("DMU"), in which DMU employees acknowledged receipt of Settle's federal warrant from SA Kochan.

On February 1, 2021, Settle was arrested by SA Kochan on the federal criminal complaint. (Dkt. 4.) The same day Settle was arrested on the complaint for this conduct—February 1, 2021—he made his initial appearance before Magistrate Judge Renee H. Toliver. (*Id*.) The next day, Settle was indicted on the charge in the complaint: violating 18 U.S.C. § 1591(a)(1) and (b)(1). (Dkt. 11 at 1.)

## LEGAL STANDARD

"In any criminal prosecution . . . a confession . . . shall be admissible in evidence if it is voluntarily given." 18 U.S.C. § 3501(a). In determining the voluntariness of the confession, the "trial judge . . . shall take into consideration all the circumstances surrounding the giving of the confession including:

   (1) the time elapsing between arrest and arraignment of the defendant making

   the confession, if it was made after arrest and before arraignment,

(2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession,

(3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him,

(4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and

(5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession."

18 U.S.C. § 3501(b).

"The presence or absence of any of the above-mentioned factors . . . need not be conclusive on the issue of voluntariness of the confession." *Id.*  Further, a confession "shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if [1] such confession is found by the trial judge to have been made voluntarily and [2] if the weight to be given the confession is left to the jury and [3] if such confession was made or given by such person within six hours immediately following his arrest or other detention . . . ." 18 U.S.C. § 3501(c).  The six-hour time limit "contained in this subsection shall not apply in any case in which the delay in bringing such person before such magistrate judge or other officer beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge or other officer." *Id.*

**Govt. Opp. to Def.'s Motion to Suppress Statement—Page 5**

Rule 5 of the Federal Rules of Criminal Procedure requires the government to take an arrested defendant before a magistrate "without unnecessary delay." Fed. R. Crim. P. 5(a)(1). Before 18 U.S.C. § 3501 was enacted, the Supreme Court, through the colloquially-described *McNabb-Mallory* framework, established a remedy for violations of the prompt-presentment requirement, namely suppression of any confession obtained during a period of unreasonable delay. *See McNabb v. United States*, 318 U.S. 332 (1943); *Mallory v. United States*, 354 U.S. 449 (1957).

After Section 3501 was codified in 1968, the Supreme Court held in *Corley* that Section 3501 "modified *McNabb-Mallory* without supplanting it." *Corley v. United States*, 556 U.S. 303, 322 (2009). The Court instructed:

> [A] district court with a suppression claim must find whether the defendant confessed within six hours of arrest . . . . If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases, and if it was, the confession is to be suppressed.

*Id.*

Regarding delay-of-presentment challenges and the application of Section 3501(c)'s six-hour "safe harbor," the Fifth Circuit instructed that "when presented with a delay outside of the safe harbor, a district court must apply the *McNabb-Mallory* doctrine to determine whether the delay in bringing a suspect before a magistrate was reasonable." *United States v. Boche-Perez*, 755 F.3d 327, 335 (5th Cir. 2014). Importantly, "[t]he defendant has the burden of demonstrating a *McNabb-Mallory* violation." *Id.* at 336.

In analyzing a *McNabb-Mallory* challenge, courts first "must determine the length of the delay," with "the clock start[ing] to run from when the obligation to take the

defendant before the federal magistrate arises to the point at which the confession was rendered"—"*McNabb-Mallory* concerns itself with the time of confession, not the time of first appearance." *Id.* "[I]f the length of the delay is determined to fall outside of the § 3501(c) safe harbor, then the court needs to move on to the second step of the analysis and examine whether the causes of the delay were justifiable under the *McNabb-Mallory* cases." *Id.*

Justifiable delays include those related to "legitimate law enforcement procedures, such as the administrative booking of the arrestee; coordinating with multiple law enforcement agencies or with the U.S. attorney's office; or verifying alibis." *Id.* at 337. Concerning the myriad justifiable delays, the Fifth Circuit cautioned that courts "should not resort to a semanticism that obscures the facts of a case," recognizing that "[t]he overall reasonableness of a delay will vary city-to-city, case-to-case, justification-to-justification." *Id.* at 338 (internal citations omitted).

As a threshold matter, "[t]here can be no delay in bringing a person before a federal magistrate until, at a minimum, there is some obligation to bring the person before such a judicial officer in the first place. Plainly, a duty to present a person to a federal magistrate does not arise until the person has been arrested for a *federal* offense." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 357 (1994) (emphasis in original). "As long as a person is arrested and held only on state charges by state or local authorities, the provisions of § 3501(c) are not triggered." *Id.* at 358.

"[A]ny delay for purposes of § 3501(c) must be measured from the beginning of the *federal* detention" absent "proof of a working arrangement between state police and

**Govt. Opp. to Def.'s Motion to Suppress Statement—Page 7**

federal agents for the purpose of aiding and abetting the federal officers in carrying on interrogation of the suspect in violation of Federal Rule 5(a) requiring prompt arraignment." *United States v. Davis*, 459 F.2d 167, 170 (6th Cir. 1972) (emphasis added, internal quotations omitted). In *United States v. Rollerson*, 491 F.2d 1209 (5th Cir. 1974), the Fifth Circuit expressly agreed with *Davis*, holding that "in order to invoke the protection of Section 3501(c), [a defendant] must show that the state officials unlawfully detained him in order to allow the federal investigator to secure a confession." *Id.* at 1212.

"[C]ourts have been 'careful not to overextend *McNabb-Mallory*['s] prophylactic rule in cases where there was a reasonable delay unrelated to any prolonged interrogation of the arrestee." *Boche-Perez*, 755 F.3d at 336–37 (quoting *United States v. Garcia-Hernandez*, 569 F.3d 1100, 1106 (9th Cir. 2009)). Accordingly, the Fifth Circuit instructed that "when applying *McNabb-Mallory*, a court cannot simply watch the clock, and treat the doctrine as a carpenter's measuring stick to be used by merely laying it alongside the material to be evaluated" and "[a] six-hour delay in presentment should not be treated as a sort of talismanic formula that renders all confessions made after the delay inadmissible[.]" *Boche-Perez*, 755 F.3d at 335 (internal quotations and citations omitted).

## ARGUMENT AND AUTHORITIES

1. **Settle's January 26, 2021 confession did not result in a *McNabb-Mallory* violation, and Settle has failed to carry his burden to demonstrate otherwise.**

Contrary to Settle's erroneous assertion (Dkt. 135 at 3), it is Settle—not the government—who carries the burden in proving a *McNabb-Mallory* violation. *See Boche-Perez*, 755 F.3d at 336. Settle has failed to meet that burden.

For purposes of Rule 5, Section 3501(c), and *McNabb-Mallory*, the duty to present Settle to a federal magistrate arose on February 1, 2021—the date he was "arrested for a *federal* offense." *Alvarez-Sanchez*, 511 U.S. at 357. To the extent that Settle argues that the obligation to present Settle to a federal magistrate arose at some point before February 1, 2021, he has failed to show why that would be the case and/or that "state officials unlawfully detained him in order to allow the federal investigator to secure a confession." *Rollerson*, 491 F.2d at 1212; *see also Davis*, 459 F.2d at 170.

Instead, the credible evidence shows that Settle's Dallas County cases were dismissed on January 22, 2021 (*see* Exhibits C and D) and that Settle was arrested on the federal complaint on February 1, 2021. The government is informed and believes that the period of time that lapsed between when the "Release Charge" forms were filed and when Settle was arrested on the federal complaint is attributable to the administrative processing of those "Release Charge" forms, as evidenced by the internal Dallas County records that appear to show that the forms were processed on January 27, 2021. *See* Exhibit E. Even assuming that the obligation to present Settle to a federal magistrate arose after the Dallas County cases were dismissed but before Settle's federal arrest on

February 1, 2021, he has failed to prove that Dallas County officials unlawfully detained him in order to allow federal agents to secure his confession. *Davis*, 459 F.2d at 170.

**2.     Settle's January 26, 2021 statement was voluntary.**

Not only was there not a *McNabb-Mallory* violation, but Settle's confession also bears all of the hallmarks of a voluntary confession. *See* 18 U.S.C. § 3501(b).

*First*.  Settle's confession was made *before* his arrest on the federal complaint.

*Second*.  Settle knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession because of his January 15, 2021 arraignment on similar charges at Dallas County and because federal agents informed him of the nature of the offense during the January 26, 2021 interview.

*Third*.  Settle was advised or knew that he was not required to make any statement and that any such statement could be used against him.

*Fourth*.  Settle had been advised prior to questioning of his right to the assistance of counsel, as demonstrated by the reading of his *Miranda* rights at the beginning of the January 26, 2021 interview.

*Fifth*.  Settle was without the assistance of counsel when he was questioned, but he was informed of the right to have the assistance of counsel during the interview.  Further, that Mr. Jordan, counsel for Settle's dismissed Dallas County cases, informed the US Attorney's Office that Settle was interested in speaking with federal agents suggests that Mr. Jordan and Settle communicated, at least in

some degree, about a potential interview.

Finally, Settle, with no supporting authority, fleetingly argues that his January 26, 2021 statement was obtained in violation of the "5th and 6th amendment." (*See* Dkt. 135 at 3.) In *Montejo v. Louisiana*, 556 U.S. 778 (2009), the Supreme Court summarized its long-standing precedents in this area:

> [O]nce the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings. Interrogation by the State is such a stage.
>
> Our precedents also place beyond doubt that the Sixth Amendment right to counsel may be waived by a defendant, so long as relinquishment of the right is voluntary, knowing, and intelligent. The defendant may waive the right whether or not he is already represented by counsel; the decision to waive need not itself by counseled. And when a defendant is read his *Miranda* rights (which include the right to have counsel present during interrogation) and agrees to waive those rights, that usually does the trick, even though the *Miranda* rights purportedly have their source in the Fifth Amendment[.]

*Id.* at 786 (internal citations omitted).

The *Montejo* Court further recognized that "these cases . . . protect the right to have counsel during custodial interrogation—which right happens to be guaranteed (once the adversary judicial process has begun) by *two* sources of law. Since the right under both sources is waived using the same procedure, doctrines ensuring voluntariness of the Fifth Amendment waiver simultaneously ensure the voluntariness of the Sixth Amendment waiver." *Id.* at 795 (emphasis in original).

The government does not dispute that Settle requested and was appointed counsel for his Dallas County cases before his January 26, 2021 confession, thereby triggering

**Govt. Opp. to Def.'s Motion to Suppress Statement—Page 11**

potential Fifth and Sixth Amendment protections for his related federal case. However, as demonstrated above, those cases were dismissed prior to his January 26, 2021 confession. And, as demonstrated above, Settle knowingly and voluntarily waived his Fifth and Sixth Amendment rights when he was clearly informed of his *Miranda* rights at the beginning of the interview and continued to speak to agents. *See Montejo*, 556 U.S. at 794 ("[A] defendant who does not want to speak to the police without counsel present need only say as much when he is first approached and given the *Miranda* warnings"). Contrary to Settle's argument, at no point during Settle's January 26, 2021 interview did he request the assistance of counsel. *See* Exhibit G.

Lastly, that Settle's court-appointed attorney for the Dallas County cases, Mr. Jordan, called the US Attorney's Office on January 25, 2021 and told the undersigned government attorneys on January 26, 2021 that he would not be representing Settle in his federal case and that Settle wanted to speak with federal agents stands in stark contrast to Settle's baseless assertions that "Settle's counsel was not notified that his client was going to be questioned" and that "Settle did not request to speak with investigators." (Dkt. 135 at 3.)

## CONCLUSION

In short, Settle's January 26, 2021 statement to federal agents was voluntary—there was no unlawful delay-in-presentment nor violations of Settle's Fifth or Sixth Amendment rights. The credible evidence shows that Settle, after communicating with a court-appointed attorney, knowingly and voluntarily waived his rights when he spoke with agents and that he was promptly presented to a federal magistrate after his February

1, 2021 arrest. Therefore, the government respectfully requests that the Court deny Settle's Motion to Suppress Statement without an evidentiary hearing.

                                                Respectfully submitted,

                                                LEIGHA SIMONTON
                                                UNITED STATES ATTORNEY

                                                */s/ Andrew J. Briggs*
                                                Myria Boehm
                                                Texas State Bar No. 24069949
                                                Andrew J. Briggs
                                                California State Bar No. 294224
                                                Assistant United States Attorneys
                                                1100 Commerce Street, Third Floor
                                                Dallas, Texas 75242-1699
                                                Telephone: 214-659-8600
                                                Facsimile: 214-659-8800
                                                Email: andrew.briggs@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on October 5, 2023, I electronically filed the foregoing document with the clerk for the United States District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" to the attorney of record who has consented in writing to accept this Notice as service of this document by electronic means.

                                              */s/ Andrew J. Briggs*
                                              Andrew J. Briggs
                                              Assistant United States Attorney